UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEFFREY SAAG,                                              Case No. 1:15-cv-599
        Petitioner,
                                                          Black, J.
    vs.                                                   Litkovitz, M.J.

WARDEN, CHILLICOTHE                                       **REPORT AND**
CORRECTIONAL INSTITUTION,                                 **RECOMMENDATION**
        Respondent.

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution in

Chillicothe, Ohio, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. §

2254. (Doc. 3). This matter is before the Court on respondent's motion to dismiss (Doc. 6),

which petitioner opposes. (*See* Doc. 7).

## I. PROCEDURAL HISTORY

On January 17, 2001, the Clermont County, Ohio, grand jury returned a twelve-count

indictment charging petitioner with six counts of rape and six counts of gross sexual imposition.

(Doc. 5, Ex. 1). Petitioner entered a plea of not guilty, before filing a motion to dismiss on the

ground that the indictment was filed outside the applicable statute of limitations. (Doc. 5, Ex. 2,

3). The trial court overruled the motion to dismiss. (Doc. 5, Ex. 5).

On January 24, 2002, petitioner withdrew his prior not-guilty plea and entered a plea of

guilty to two counts of rape. (Doc. 5, Ex. 6). The trial court accepted petitioner's guilty plea and,

on March 11, 2002, sentenced petitioner to a total aggregate prison term of ten to fifty years.

(Doc. 5, Ex. 7, 8).

Petitioner did not seek a direct appeal of the conviction and sentence.

**Petition to Vacate or Set Aside Sentence**

On September 11, 2003, petitioner filed a pro se petition to vacate or set aside

judgment/sentence. (Doc. 5, Ex. 10). The trial court overruled the petition on October 20, 2003.

(Doc. 5, Ex. 11).

Petitioner filed a timely pro se notice of appeal to the Ohio Court of Appeals. (Doc. 5, Ex.

12). Appointed counsel for petitioner subsequently filed an *Anders* brief and motion to withdraw

as counsel. (Doc. 5, Ex. 13, 14). Petitioner subsequently filed a pro se brief, raising the following

single assignment of error:

> The trial court was totally without statutory subject-matter jurisdiction in the
> matter of *State v. Saag* as a matter of state law. In violation of R.C. § 231.02, O.
> Const. Art. IV § 4(B) and the Fourth and Fourteenth Amendments to the U.S.
> Constitution.

(Doc. 5, Ex. 15 at PageID 157). On June 14, 2004, the Ohio Court of Appeals granted the motion

to withdraw as counsel and dismissed the appeal as being wholly frivolous. (Doc. 5, Ex. 20, 21).

**Application for Writ of Prohibition**

On October 19, 2004, petitioner filed a pro se application for a writ of prohibition in the

Ohio Court of Appeals. (Doc. 5, Ex. 22). The Ohio appeals court dismissed the application sua

sponte on November 12, 2004, finding that petitioner could not obtain the relief sought by way of

prohibition. (Doc. 5, Ex. 25).

Petitioner filed a motion for relief from judgment, which was denied by the Ohio Court of

Appeals on January 12, 2005. (Doc. 5, Ex. 28, 29).

**Application for Writ of Quo Warranto**

On January 20, 2005, petitioner filed a pro se application for a writ of quo warranto in the

2

Ohio Court of Appeals, which was dismissed.  (Doc. 5, Ex. 30, 34).

On March 7, 2005, petitioner filed a motion for relief from judgment, which denied on May 12, 2005.  (Doc. 5, Ex. 35, 36).

**Motion to Vacate Illegal Sentence and Motion to Correct Sentence**

Meanwhile, on March 10, 2014, petitioner filed a motion to vacate illegal sentence, pursuant to Ohio Criminal Rule 57(B).[1]  (Doc. 5, Ex. 37).  On July 14, 2014, petitioner also filed a motion to correct sentence.  (Doc. 5, Ex. 38).

The trial court overruled the motion to correct sentence on July 31, 2014.  (Doc. 5, Ex. 39).  Petitioner filed a timely notice of appeal to the Ohio Court of Appeals on August 12, 2014. (Doc. 5, Ex. 40).  In his merit brief, petitioner raised the following two assignments of error:

1. Whether the lower court committed prejudicial error by imposing a void sentence

2. Whether the trial court committed prejudicial error by failing to merge all counts

(Doc. 5, Ex. 41 at PageID 301).  On May 4, 2015, the Ohio appeals court overruled petitioner's assignments of error, finding petitioner's motion to be untimely and an impermissible successive petition.  (Doc. 5, Ex. 44 at PageID 324).

On May 15, 2015, petitioner filed an appeal to the Ohio Supreme Court, raising the following two propositions of law:

1. Whether the lower court committed prejudicial error by imposing a void sentence

2. Whether the trial court committed prejudicial error in ignoring the protections

---

[1] Based on the Clermont County Court of Common Pleas online docket records, it does not appear that the trial court ruled on petitioner's motion to vacate illegal sentence.  (*See* Doc. 5, Ex. 48 at PageID 349).

3

of double jeopardy

(*Id.*; Doc. 5, Ex. 46 at PageID 330).  On August 26, 2015, the Ohio Supreme Court declined to

accept jurisdiction of the appeal.  (Doc. 5, Ex. 47).

### Federal Habeas Corpus

On September 11, 2015, petitioner filed the instant federal habeas corpus petition.[2]

Petitioner asserts the following two grounds for relief in the petition:

> **GROUND ONE:**  DOUBLE JEOPARDY.
>
> **Supporting facts:**  Despite the absence of evidence, and the litany of contradictory datelines, the plea is silent of any waiver of double jeopardy protections, and the sentence is likewise silent of the court's duty to address and resolve allied offenses of similar import and/or conduct.
>
> **GROUND TWO:**  VOID SENTENCE.
>
> **Supporting facts:**  As intended by the legislature via the Ohio Revised Code, Petitioner must be sentenced under the guidelines at the time of sentencing or given the option to be sentenced under current or prior law.  Any sentence that does not comport with this statutory language is "contrary to law" and may be attacked at any time.

(Doc. 3 at PageID 32, 34).

Respondent has filed a motion to dismiss the petition.  (Doc. 6).  Respondent contends that

the petition is subject to dismissal with prejudice because it is barred from review by the

applicable one-year statute of limitations governing federal habeas actions by state prisoners,

which is set forth in 28 U.S.C. § 2244(d).  (*See id.*).  Petitioner has filed a traverse opposing the

---

[2] The petition was filed with the Court on September 16, 2015. (*See* Doc. 1, Petition).  Petitioner avers, however, that he placed the petition in the prison mailing system for delivery to the Court on September 11, 2015. (*See* Doc. 3 at PageID 42).  Because under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the petition was "filed" on September 11, 2015.

motion to dismiss.  (Doc. 7).

## II. RESPONDENT'S MOTION TO DISMISS (DOC. 6) SHOULD BE GRANTED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody

pursuant to the judgment of a state court must file an application for a writ of habeas corpus

within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the

pendency of a properly filed application for state post-conviction relief or other collateral review.

There is no evidence in the record in this case to suggest that the provisions set forth in §§

2244(d)(1)(B) through (D) apply to petitioner's grounds for relief.  Petitioner has not alleged that

a State created impediment prevented him from filing the instant petition or that his claims are

governed by a newly recognized constitutional right made retroactively applicable to his case.

Furthermore, petitioner's grounds for habeas relief are based on alleged errors that occurred at

sentencing.  Since petitioner was aware of the facts underlying his claims by the close of the

direct review, his ground for relief is governed by the one-year statute of limitations set forth in

28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review."

Under § 2244(d)(1)(A), petitioner's conviction became final on April 11, 2002, upon expiration of the 30-day period for filing an appeal as of right from the trial court's March 11, 2002 final judgment entry. *See* Ohio R. App. P. 4(A). The statute commenced running on April 12, 2002, the next business day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on April 12, 2003, absent the application of statutory or equitable tolling principles.

During the one-year limitations period, petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute-of-limitations bar. *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not

6

subject to statutory tolling under § 2244(d)(2).  *See Allen,* 552 U.S. at 5-6; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman,* 346 F.3d at 603.

No statutory tolling applies under Section 2244(d)(2) to extend the limitations period in this case.  The statute of limitations had run for 517 days before petitioner filed his September 11, 2003 petition to vacate or set aside sentence, the first of his post-conviction motions.  Because petitioner's petition to vacate or set aside sentence was filed after the one-year statute of limitations had already expired statutory tolling would not serve to extend the limitations period. *Vroman,* 346 F.3d at 602.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)).  Equitable tolling is granted "sparingly." *Id.*  (quoting *Robertson*, 624 F.3d at 784).  A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418.  Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)).  "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,*

7

455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling in this case. First, petitioner has not shown that he has been diligent in pursuing his rights. The Sixth Circuit has indicated that the relevant inquiry in determining whether equitable tolling applies is whether petitioner was diligent in pursuing federal habeas relief. In this case, petitioner waited over thirteen years to file his habeas petition after his conviction and sentence became final. Accordingly, petitioner has not demonstrated that he was diligent in pursuing his federal rights. *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003) (finding that petitioner's decision to proceed solely in state court "rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence"). Second, petitioner has not argued much less demonstrated that he was prevented by some extraordinary circumstance from seeking relief in a timely manner. Petitioner has therefore failed to demonstrate that he is entitled to equitable tolling and the petition is time-barred.

Accordingly, petitioner has not demonstrated that an extraordinary circumstance prevented him from filing a timely federal habeas corpus petition with this Court. Petitioner has not demonstrated that he lacked notice or constructive knowledge of the one-year filing requirement, or that he reasonably has remained ignorant of the requirement which has been in effect since April 1996. Most importantly, it is clear from the record that petitioner has not been diligent in pursuing his rights.

Accordingly, in sum, the undersigned concludes that petitioner's federal habeas corpus petition is time-barred. Therefore, respondent's motion to dismiss (Doc. 6) should be **GRANTED** and the instant habeas corpus petition (Doc. 3), filed long after the statute of

8

limitations had run its course, should be **DISMISSED** with prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 6) be **GRANTED**, and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 3) be **DISMISSED** with prejudice on the ground that the petition is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[3]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 7/8/16

Karen L. Litkovitz
United States Magistrate Judge

---

[3] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEFFREY SAAG,
      Petitioner,

vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
      Respondent.

Case No. 1:15-cv-599

Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).